# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| Joshua Craig, | ) | |
|---|---|---|
| | ) | Criminal Action No.: 6:11-cr-00338-3-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Joshua Craig's ("Petitioner") Motion to Compel Specific Performance of Plea Agreement ("Motion to Compel") [Dkt. No. 1544], filed on April 1, 2013. This review also considers the Government's Response to Craig's Pro Se Motion for Specific Performance ("Response") [Dkt. No. 1549] as well as Petitioner's Reply to Government's Response to Motion for Specific Performance of Plea Agreement ("Reply") [Dkt. No. 1553]. For the reasons set forth within, the court **DENIES** Petitioner's Motion.

## FACTUAL AND PROCEDURAL HISTORY

A grand jury indicted Petitioner and several co-defendants on multiple counts for their involvement in a drug distribution conspiracy [Dkt. No. 309]. Prior to entering a guilty plea, the Petitioner entered into a written plea agreement with the Government on September 16, 2011, which was later filed with the court on September 19, 2011 [Dkt. No. 769]. A provision of the plea agreement that is particularly relevant states, "The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully." [Dkt No. 769, p. 5].

Petitioner pled guilty to his role in the drug conspiracy on January 18, 2012 [Dkt. No. 1025]. Because the Government found that Petitioner's information and assistance was substantial, it moved for Downward Departure pursuant to USSG § 5K1.1 at Petitioner's sentencing hearing on July 30, 2012. The court granted the Government's Motion for Downward Departure and subsequently sentenced Petitioner to twelve years of imprisonment, which was a substantial reduction from the life imprisonment Petitioner faced pursuant to the sentencing guidelines [Dkt. No. 1374].

Sometime in late 2012 to early 2013, while preparing for the anticipated trial in the case of *United States v. John and Kasondra Cannon* (Case No.: 6:11-2302), the Government transported Petitioner and six other federal inmates to the Upstate of South Carolina as potential witnesses. The Cannons pled guilty before the commencement of the trial. One co-defendant, Justin Jenkins, received a downward departure based on the Government's belief that the Cannons' guilty pleas were almost entirely based on Jenkins's willingness to testify against John Cannon.[1] None of the other inmates that were transported in anticipation of trial received further downward departures at that time.

Petitioner filed his Motion to Compel which states that he should receive an additional downward departure because of his willingness to testify in the Cannons' trial. Petitioner believes this qualifies as "substantial assistance" beyond what was agreed upon in his plea agreement and was not reflected in his first downward departure. He states that "Petitioner never received the benefit of the agreement as agreed in the written plea agreement." [Dkt. No. 1544-1, p. 6]. Petitioner requests a six level reduction for his cooperation with the Cannons' anticipated trial.

---

[1] Justin Jenkins had not previously received a downward departure in this case.

The Government filed a Response to Petitioner's Motion to Compel. The Government contends that the language of the plea agreement only obligates the Government to move for an additional downward departure if Petitioner's further cooperation constitutes unrewarded substantial assistance. The Government believes it was Jenkins's cooperation, not Petitioner's, which was the driving force behind the Cannons' pleas. Also, the Government notes that Petitioner did not allege that the Government's failure to move for a second downward departure was the result of an unconstitutional motive.

Petitioner filed a Reply to the Government's Response. Petitioner's Reply acknowledges that he was previously granted a downward departure that reduced his sentence from life imprisonment to twelve years of incarceration. In his argument, Petitioner claims that his contractual obligations set in the plea agreement were fulfilled after receiving the downward departure at sentencing, and therefore his further cooperation should be considered as a new obligation. Petitioner believes that Rule 35(b) demonstrates that he should receive a further departure in his sentence based on his assistance.

Petitioner's Reply also responded to the Government's argument that Petitioner failed to make a substantial threshold showing of an unconstitutional motive. Petitioner believes that the Government denied him a downward departure that was granted to other defendants, and that denial was not rationally related to a legitimate government end. Petitioner cites to various case law where courts have found that the Government had no rational basis for denying a motion for downward departure.

## STANDARD OF REVIEW

Rule 35(b) of the Federal Rules of Criminal Procedure allows the Government to move for a corrected or reduced sentence after an initial sentencing. A relevant section states:

> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> (A) information not known to the defendant until one year or more after sentencing;
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2).

"[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *United States v. Wade*, 504 U.S. 181, 185-186 (1992). A defendant must make a "substantial threshold showing" of an improper motive before the court can order an evidentiary hearing. *Id.* at 186.

## DISCUSSION

Pursuant to the language of Petitioner's plea agreement, he did not perform any new duties that would warrant a further downward departure. Petitioner's availability to testify at trial was a provision of the plea agreement, for which he already received a substantial downward departure from a life sentence to twelve years of incarceration. Petitioner also claims that he did not receive the downward departures like his co-defendants, but he makes no showing that they received subsequent downward departures for being available to testify at the Cannons' trial.[2]

---

[2] Justin Jenkins was the only co-defendant to receive a downward departure because of his willingness to testify in the Cannons' trial. However, Jenkins had not received an earlier downward departure and his potential testimony was considered to be a driving force behind the Cannons' decision to enter guilty pleas rather than proceed with the trial.

Rule 35 of the Federal Rules of Criminal Procedure does not apply to this case because Petitioner has not shown that any assistance or information given to the Government after his sentencing was newly discovered or its usefulness was not previously anticipated. The language of the plea agreement that required Petitioner's cooperation with future trials and grand juries demonstrates that the Government anticipated that the information provided by Petitioner before his sentencing would possibly be useful at a later date. Rule 35 is also a discretionary rule; the Government would not be required to move for subsequent downward departure even if Petitioner offered new assistance.

Petitioner also failed to make a "substantial threshold showing" that the Government had unconstitutional motives. In Petitioner's Reply, he cites to cases where the Government inconsistently granting defendants downward departures was enough to show an unconstitutional motive. However, those cases are not factually similar to Petitioner's case and offer no guidance on this situation. Petitioner and most of his fellow co-defendants already received downward departures prior to being relocated in anticipation of the Cannons' trial. The only co-defendant who received a downward departure after the Cannons' guilty pleas had not previously received a downward departure and his willingness to testify was a substantial factor in the Cannons' pleas. Without a "substantial threshold showing" of an unconstitutional motive, this court may not order an evidentiary hearing.

**CONCLUSION**

Based on the aforementioned reasons, the court **DENIES** Petitioner's Motion to Compel Specific Performance of Plea Agreement [Dkt. No. 1544].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 28, 2013
Greenville, South Carolina