# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Criminal Action No. 6:11-cr-00338-08-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Frederick Lavarn Miles, | ) | |
| | ) | |
| Petitioner. | ) | |

This matter is before the court on Frederick Lavarn Miles's (Petitioner) Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines (ECF No. 1580), filed September 26, 2013. For the reasons set forth herein, the court **DENIES** Petitioner's Motion.

## FACTUAL AND PROCEDURAL HISTORY

A criminal complaint was filed on February 23, 2011, by the Drug Enforcement Administration against Petitioner for conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana. (ECF No. 2). On that same day, a magistrate judge issued a warrant for Petitioner's arrest. (ECF No. 4). Petitioner was arrested on February 24, 2011. (ECF No. 5). Petitioner was indicted by a grand jury on March 9, 2011. (ECF No. 34). Multiple superseding indictments were issued, and the final third superseding indictment, issued on August 18, 2011, charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, and 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (ECF No. 722). On January 18, 2012, Petitioner pled guilty to these charges pursuant to a plea agreement. (ECF Nos. 811, 1030, 1031).

1

In the plea agreement, Petitioner stipulated that he had two prior felony convictions that had become final which subjected him to a mandatory minimum term of life imprisonment. (ECF No. 811 at 6). However, pursuant to the plea agreement, the government agreed to either move for a reduction of his sentence or to withdraw one enhancement at sentencing. *Id.* at 7. On March 13, 2012, the government notified the undersigned of its intention to move to withdraw an enhancement or to move for a downward departure. (ECF No. 1109). A sentencing hearing was held on April 25, 2012, and Petitioner was sentenced on May 7, 2012, to 15 years of imprisonment. (ECF Nos. 1195, 1225).

Petitioner filed the instant Motion for Reduction of Sentence on September 26, 2013, under 18 U.S.C. § 3582(c) and based on Amendment 706 of the Sentencing Guidelines. (ECF No. 1580). Petitioner contends that his sentence for the possession of 280 grams of cocaine base should now be adjusted to a sentence for the possession of 50 grams of cocaine base. *Id.* at 3. Accordingly, Petitioner requests that his offense level be reduced "from 32, to 30". *Id.* The government filed a response to Petitioner's motion on October 8, 2013. (ECF No. 1582). The government argues that the court should deny the motion because it falls within the scope of appellate rights that Petitioner waived in his plea agreement. *Id.* at 2. The government also contends that Petitioner received the benefits of the revised crack cocaine guidelines as they were promulgated prior to his sentencing and were applied in the calculation of his applicable guidelines range. *Id.* at 4. The government further argues that the more favorable crack cocaine guidelines did not factor into Petitioner's sentence because he faced a statutory mandatory minimum of life imprisonment. *Id.* at 5.

# ANALYSIS

Section 3582(c)(2) authorizes a court to modify a petitioner's sentence where he "has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commissioner" so long as the amendment to the guidelines applies retroactively. *Id.* (emphasis added); *U.S. v. Turner,* 472 F. App'x 232, 233 (4th Cir. 2012). Amendment 706, which reduces the offense level for most cocaine base offenses, applies retroactively, and it became effective on March 3, 2008. U.S. Sentencing Guidelines Manual App. C. amend. 713, at 253; *Dillon v. US,* 130 S. Ct. 2683, 2689 (2010). As Petitioner was sentenced on May 7, 2012, the court finds that his guideline range was calculated pursuant to the revised crack cocaine guidelines.

Under the Sentencing Guidelines, Petitioner had a base offense level of 32 for his violation of 21 U.S.C. § 841(b)(1)(A), specifically his possession with the intent to distribute at least 5 kilograms of cocaine, at least 280 grams of cocaine base, and at least 1000 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(4), (ECF No. 1155 at 40). Petitioner's offense level was enhanced under Chapter Four because he was deemed a career offender. U.S.S.G. § 4B1.1. A career offender is a defendant who is at least 18 years old at the time of his offense, has two or more prior felony convictions of a controlled substance (or crime of violence), and whose instant offense is a felony controlled substance offense (or crime of violence). U.S.S.G. § 4B1.1(a). Petitioner had a statutory minimum and maximum of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) which states in relevant part, "any person [who] commits a violation of this subparagraph… after two or more prior convictions for a felony drug offense have become final…shall be sentenced to a mandatory term of life imprisonment[.]". *Id.* His offense level

calculation under U.S.S.G. § 4B1.1(b) was elevated to 37 due to his career offender status and his statutory maximum sentence. (*See* ECF No. 1155 at 40).

Petitioner's offense level was reduced by two levels because he accepted responsibility for his criminal conduct and one level because he entered a timely guilty plea. *Id.* Petitioner's final offense level was thus 34 and not 32 as Petitioner contends. *Id.* Petitioner was placed in criminal history category VI which under the guidelines gave him a recommended sentence of 262-327 months or over 21 years. (ECF No. 1155-2 at 1). However, since Petitioner's statutory minimum of life imprisonment was greater than the maximum applicable guideline range, his guideline sentence was life imprisonment. *Id.*; U.S.S.G. § 5G1.1(b). Because Petitioner's guideline sentence would have been life imprisonment prior to Amendment 706, while the amendment applied to Petitioner's case, it did not assist in reducing his sentence.

Nevertheless, Petitioner was ultimately sentenced to 15 years imprisonment which fell below both his statutory minimum of life imprisonment and the guideline range of over 21 years that would have applied in the absence of a statutorily required sentence. This outcome was the result of Petitioner's plea agreement and the government's motion for a downward departure. Petitioner now seeks a reduction to an offense level of 30 which for the reasons detailed above is not warranted. Ironically, Petitioner requests a sentencing range of 168-210 months or 14 to over 17 years, which is a range in which his actual sentence already falls.

Thus, for all the stated reasons, the court finds that Petitioner's motion is without merit.

## CONCLUSION

It is therefore **ORDERED** that Petitioner's Motion for a Reduction of Sentence (ECF No. 1580) is **DENIED.**

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

Greenville, South Carolina
October 21, 2013